*131 OPINION of the Court, by
Judge Wallace.
In this suit the appellees, who were complainants in ■the court below, rely on their equitable right, which they allege is superior to that of the appellant. It depends on the following locations and entries : “ October. 29th, 1779, Isaac Taylor, by Silas Harlin, this day claims a right of pre-emption to a tract of land lying on both sides of Salt river, joining on the north side of the said Harlin’s land, by building a cabin on said land in the year 1774. Satisfactory proof being made to the court, they are of opinion, that the said Isaac Taylor is entitled to the said pre-emption of 1000 acres of land, including* the said improvement,” &c.
“ April 7th, 1783, Isaac 'Faylor enters 1000 acres.of. land by virtue of a pre-emption warrant, Nj. 1800, on both sides of Salt river, adjoining and below Silas Har-lin’s settlement and pre-emption, and to run down both sides of said river for quantity, including his improvement.” “October 28th, 1779, Silas Harlin this day. claimed a right to a settlement and pre-emption to a tract of land lying on both sides oí Salt river, about three miles from the Boiling spring nearly a west course, by improving the same in the year 1774, &c. Satisfactory proof being made to the court, they are of opinion, that the said Harlin has a right to a settlement of 400 acres of land, including the said improvement, and the pre-emption of 1000 acres adjoining, &c.
“ November -- 177 9, Silas Harlin enters 400 acres by virtue of a certificate for settlement, lying on both sides of Salt river, about three miles from the Boiling spring nearly a west cogrse.”
“ May 11th, 1780, Silas Harlin enters a pre-emption ■ warrant of 1000 acres, adjoining his settlement on Salt river, on the west, north-west and north, as marked by, James Douglass.”
At the times these locations and entries were made,, it ought to be presumed that Salt river was, sufficiently notorious, and by the testimony exhibited in this cause, Taylor’s and Harlin’s improvements are satisfactorily proven to have been so. This being,the case, the descriptive call, about three miles from the Soiling spring nearly, a west course, which is contained in the location *132 antl entry of Harlin’s settlement, may with propriety be cons’hered as surplusage.
Call to adjom «element and pre-.mptmn, when both, had &een Purveyed upwards oí two years, to adjoin ca — Vtde tvi'-Crackm is. ¿ícele, vol, j, P 4*’
itegiiter’s ter-tificateofiaeor Purvey, not excepted to m court below, evidence ot the vw'iTe^vX i 5⅜6 — Mtlcr-u Commvnmaitb, 405 —Hubbard 180.
A report of fuivey be consent, uken from a connect'he Wfurveys vrere ceitified as íaid down from a.tefted^opies, grants, copies of thoie survey» «uh.
fetekment and yre empuon, ⅛⅛>⅜« ⅞ was attetei, ft»u adjoin the set-¾⅝ Crulbi Ssivuts, 'am
Bui ihe register ot the land office has certified, *'• that S;las Hurlin’s survey of o:s settlement and pre-emption of 1400 acres on Salt nvir, was made the 10th day of \jav j ;-gQ ” and >t appears that Isaac Taylor’s entry. which calis lor this settlement ana pre-emption, veas not m-.Ge until near three 11 irs the reciter. So that k is conceived, Hat ha’s su>vey oi hts settlement and pre- ' } , , , : . enapuon was meant, u:,d must be so tasen ; because their location and entries were ad merged in ihe record of t[le survey JQ(j had become oí no consequence iurther man to authorise anu support it. It is u ue that a copy of the plat and cei tiiic.i.'e of this survey is not exhibited. wh¡ch wou¡J have been hi .Iter evidence oi the tune it . , , • , v/as made ; but the reg.oters certificate was not excepted to in ihe eou; t bcio-v, and therefore ougnt not to jje- rejected by an appellate court.
This survey is delineated on th sur rcyor's report; and it appears that this n-poit, by consent oi the parties, was m{ídfirou¡, from the wo.fc (oí a connection J ul John. Thomas, county Surest or, said by him to be laid down from attested c»^u'S or from patents, and thereby the necessUy cf prodiicing any of those copies ur pa. cots, ought to be considered as dispensed wall ; lot otherwise the saving of trouble and expense, which inua have ¡,e_,n contemplated by the consent, would Out be .uni-pletely attained, and trie consent might operate as a iat.u snare.
^ only remains to be decided, how, or in whatmars-ner, Taylor’s pre-emption should adjoin Harim’s sur-yey. It seems to the court that the call in Taylor’s en-lying on h0th sides of Salt river, and the call including his improvement, ought both to be equally regarded, and be made equally to yield to each other ; and, therefore, that a survey on his entry should have been so made as to bind on Harlin’s survey below, or on the nortji side ; and so as that a direct line parallel to the genera! course of Salt river, which shall be contained within the survey, and at equal distances from the east-, warcj|y ailcj westwardly boundaries thereof, will pas» through a point at .equal distances from the said general course of the river ana Taylor’s improvement, the north-wsardly .boundary to be at right angles to, and of. th» *133 same length with, the said direct line | and thus a sur-ve\ will be produced as nearly in a square form as the c.»i!s of the entry will permit, and which it appears from the surveyor’s report, will include the said river anti improvement.
Location ii om bothJidsi or Sait river, including his improvement,4’ survey
*i joining H„ below, tunning, down on both fides of Sait ri« ver to include improvement,”
o{ pBemfUaHi departed from, the a"ící,tti⅞ survey departed hom entry, the compUm-mt ⅛ eiulty ver only so uch land as is tmmon to eerie, entry Sc liman vf, n, ante 12-4-
proved that T. aeTet “3⅛ an then, and ne. ¥=r was in that part oi £he mpruvemens notorious F’s, the cer-ñcate of com-hilioners * applies to that* although it was
Certificate of fommiilioner* right it »peci-fie9> »g«nft ail’ L“. who then had . veiled Ward ⅜ VOL 3j Fitch's devisees v, Bullock, Z2$>
But iaylorT entry with the surveyor, is not wholly conformable to his location with the commissioners. This iotation calls to adjoin Harlirs’s land, when he had not entered his pre-emption ; and agreeably to Ac decision of this court, in the case o Crow's heirs vs. Harrod's heir, and many others, only Harlin’s settlement ought to be understood ; which should have been surveyed isi a square, and so that a direct line parallel to the general course oi Salt river as far as it shall be con-is each ni the survey, and at equal distances from its eastwoirdly and westward!}’ boundaries, will pass through a pome at equal distances rrom the-saui general course of the river and his improve meat, asid placing the im-procement at equal distances from its nqrthwardly and southwardly boundaries. Then Tavlq ‘ must bind on the northwardly line of as to make the middle point of the ¡in: the middle point of the other ; and vry oí Taylor's pre-emption must b ¡wanner before directed. I or one of therrfy*’ 12⅜1⅛
This being done, the appellees can land than shall be found to lie within vey, and within both oi the surveys now that is to say, which shall be common to both of them and which shall also lie within the appellant’s division of the land which was granted to the said Craig. a«aAojte
Ii doubts snouitl arise respecting the propriety of any ©1 ihe sentiments contained in this opinion, they will be removed by adverting that they are consonant to those on v. loch the decision of this court in the case Lillard's representatives vs. Taylor's heirs, was founded (See Sneed's Rep’s. 245) and which, for the sake of unifor-n»tt\, ought to be regarded, although they may not be strictly correct; more especially as the same claims were in litigation in that suit as in this. And it appears that the court below intended to apply the principles of that decision to the present case, and have in part adopted the language; but they have inadvertently omitted ⅜⅞ recite the; following paragraph, “ that each of. these *134 improvements [Harlin’s and Taylor’s] ought to be *& included, that the land in the whole extent should lie oa both sides pf Salt river; which must imply that th* general course of the river within the bounds of the survey, shall determine the courses of the Unes of the survey.” This is certainly a material defect ; and their decision must be considered as erroneous, in not having by some form of words, ascertained what courses those lines should have assumed ; and in this respect, perhaps the former opinion of this court is not sufficiently explicit- It may not be amiss further to observe, that the complainants in the court below, charge an agreement with the defendant in that court, to abide by the decision of a suit wherein different parts of the same claims were in conflict, LillarcTs representatives being defendants, and not Speed. But that agreement is neither admitted, nor proven, and therefore cannot be regarded.
Also the defendant in the court below, has pleaded and proven, that Isaac Taylor never made any improvement on the land claimed by the complainants in that court, or in the neighborhood thereof, he never having been in that part of the country. But this plea cannot be sustained ; because a certificate from the commissioners has always been held to be conclusive proof of the right it specifies, against ail those who had not a.| the time it issued a vested right to the land ; and the right under which the defendant claims, is not of that description, it being a grant of a subsequent dale.
Wherefore it is decreed and ordered, that the said decree of the circuit court for the county of Mercer, be reversed, and the suit remanded to the said court, that it may' cause the interference to be ascertained conforma-bly to the foregoing opinion and enter up a decree far the same ia favor of the appellees, &<⅜,